HEWLETT et al. v. BURRELL et al.

(Circuit Court of Appeals, Second Circuit. November 14, 1900.)

No. 2.

SHIPPING—DELIVERY OF CARGO—CUSTOM AS TO PLACE OF DELIVERY.

A custom having been established to deliver cargoes of tea within a particular part of the water front in the port of New York, a vessel having a cargo consisting principally of tea is bound to make delivery there if required by the consignees, and it is no defense to a suit for damages for the refusal to discharge there that in one or two instances other vessels have also refused, nor is it material that other piers afforded better facilities for discharging.

Appeal from the District Court of the United States for the Southern District of New York.

This is an appeal from a decree in favor of libelants awarding damages for failure of respondents, owners of the steamer Strathallan, to deliver cargo laden on board said steamer at the usual and customary place in New York. The great bulk of the cargo was tea.

John M. Bowers, for appellants.

Edward L. Owen, for appellees.

Before LACOMBE and SHIPMAN, Circuit Judges.

PER CURIAM. In The Mascotte, 2 C. C. A. 400, 51 Fed. 606, this court held that, although the evidence was ample that the customary place of delivery in the port of New York for tea cargoes in bulk is within the certain specified part of the water front, no such usage applied where the tea was but a minor part of a general cargo. The evidence in the case at bar is sufficient to prove the usage, as it was in the former case. Respondents fail to show that the custom has been abandoned or has changed. The circumstance that ships with general cargo (tea a minor part) have in the past few years gone to Brooklyn to discharge is immaterial in view of the decision in The Mascotte Case. The fact that one or more ships with tea cargoes have also gone there, as this one did, against the objection and protest of the tea consignees, is unpersuasive. The district judge rightly excluded evidence tending to show the respective merits of the piers in the tea district and in Brooklyn (their size, lights, manner of construction, etc.). It was clearly immaterial.

Appellant further contends that the damages found are excessive in the amount of $9.42. It is sufficient to say that on that branch of the case we concur, as did the district judge, in the conclusions of the commissioner.

The decree of the district court is affirmed, with interest and costs.